AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the

**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

AUG 2 4 2023

TAMMY H. DOWNS, CLERK

By: _____
DEP CLERK

| | |
|---|---|
| JACK SHAW | ) |
| _____ | ) |
| *Petitioner* | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| WARDEN, FCI FORREST CITY | ) |
| _____ | ) |
| *Respondent* | ) |
| *(name of warden or authorized person having custody of petitioner)* | |

Case No. *2:23-cv-187 KHB-JTK*
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:  Jack A. Shaw

    (b) Other names you have used: _____

2.  Place of confinement:

    (a) Name of institution:  FCI Forrest City Low Satellite Camp

    (b) Address:  P.O. Box 8000

    Forrest City, AR 72336

    (c) Your identification number:  18677-009

3.  Are you currently being held on orders by:

    ☒ Federal authorities     ☐ State authorities     ☐ Other - explain:

    _____

4.  Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)

    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

    (a) Name and location of court that sentenced you:  US District Court, ED Texas, Sherman, Texas

    _____

    (b) Docket number of criminal case:  4:13-cr-00134

    (c) Date of sentencing:  May 2, 2017

    ☐ Being held on an immigration charge

    ☐ Other *(explain):*

    _____

**This case assigned to District Judge** *Baker*
**and to Magistrate Judge** *Kearney*

Page 2 of 10

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.    What are you challenging in this petition:

☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

❏ Pretrial detention

❏ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

❏ Other *(explain)*: _____

_____
_____

6.    Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:    Federal Bureau of Prisons, Washington DC

(b)  Docket number, case number, or opinion number:    None

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

Failure to award pretrial credit pursuant to 18 USC 3585(b)

_____

(d)  Date of the decision or action:    unknown

## Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes                ❏ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:    BOP BP-8 informal remedy

(2)  Date of filing:    October 4, 2022

(3)  Docket number, case number, or opinion number:    None

(4)  Result:    BOP counselor reported no response from DSCC staff

(5)  Date of result:    October 21, 2022

(6)  Issues raised:    The BOP failed to give me presentence jail credit for the period of December 1, 2014, through May 1, 2017, as directed by the district court

**(BP-8 attached as Exhibit 1)**

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____

(b) If you answered "No," explain why you did not appeal: _____

_____

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☒ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:    BOP BP-9

(2) Date of filing:    October 22, 2022

(3) Docket number, case number, or opinion number:    Unknown

(4) Result:    Deemed denied by BOP failure to respond within time limits

(5) Date of result: _____

(6) Issues raised:    The BOP failed to give me presentence jail credit for the period of December

1, 2014, through May 1, 2017, as directed by the district court

**(BP-9 attached as Exhibit 2)**

_____
_____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☒ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:    BOP BP-10

(2) Date of filing:    December 15, 2022

(3) Docket number, case number, or opinion number:    1138817-Rl

(4) Result:    Rejected because I did not attached BP-9 response that I had never received

(5) Date of result:    February 2, 2023

(6) Issues raised:    The BOP failed to give me presentence jail credit for the period of December

1, 2014, through May 1, 2017, as directed by the district court

**(BP-10 attached as Exhibit 3, rejection attached as Exhibit 4)**

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

Note: BOP BP-11 filed February 22, 2023, arguing that BP-10 was wrongly rejected, and that the BOP had failed to give me presentence jail credit for the period of December 1, 2014, through May 1, 2017, as directed by the district court. **See BP-11, attached as Exhibit 5.** The BOP did not respond within 60 days.

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☒ No

If "Yes," answer the following:

(a)  Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

_____

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☒ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your

conviction or sentence:    Not applicable

_____

_____

_____

_____

_____

_____

_____

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes                 ☒ No

If "Yes," provide:

(a)    Date you were taken into immigration custody: _____

(b)    Date of the removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?

☐ Yes                 ☐ No

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

_____

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes                 ☒ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☒ Yes          ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application:    Motion for Sentence Reduction

(b) Name of the authority, agency, or court:    U.S. District Court ED Texas

(c) Date of filing: _____ Oct. 6, 2021 _____

(d) Docket number, case number, or opinion number: ____ 4:15134–cr– ____

(e) Result: ____ Denied ____

(f) Date of result: ____ Sept. 6, 2022 ____

(g) Issues raised: ____ BOP failure to accurately calculate sentence was among the extraordinary and compelling reasons for sentence reduction. ____

_____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**    Bureau of Prisons has failed to fully account for jail credit to which I am entitled under 18 USC 3585(b).

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:
*See* Memorandum in Support.

(b)  Did you present Ground One in all appeals that were available to you?

☒ Yes                  ☐ No

**GROUND TWO**: _____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Two in all appeals that were available to you?

☐ Yes                  ☐ No

**GROUND THREE**: _____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Three in all appeals that were available to you?

☐ Yes                  ☐ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

_____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Four in all appeals that were available to you?

❒ Yes                    ❒ No

14.     If there are any grounds that you did not present in all appeals that were available to you, explain why you did
        not: _____

_____

_____

_____

**Request for Relief**

15.  State exactly what you want the court to do:     Direct the BOP to give me credit for all time spent in official

detention from December 1, 2014, through May 1, 2017.

_____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:    August 18, 2023                                                  

_____
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

# EXHIBIT 1

# SENTENCING ORDER

IN THE CIRCUIT COURT OF **Grant** COUNTY, ARKANSAS, **SEVENTH** JUDICIAL DISTRICT **2** DIVISION

**FILED**

On **12/17/2014** the Defendant appeared before the Court, was advised of the nature of the charge(s), of Constitutional and legal rights, of the effect of a guilty plea upon those rights, and of the right to make a statement before sentencing. **2014 DEC 22 PM 4:10**

**Court Info**

| Judge | EDDY R. EASLEY | | File Stamp | CAROL EWING COUNTY & CIRCUIT CLERK GRANT COUNTY, ARKANSAS |
|---|---|---|---|---|
| Prosecuting Attorney/Deputy | Norman B. Frisby | | | |
| Defendant's Attorney | MARK JESSE | ☑ Private ☐ Public Defender ☐ Appointed ☐ Pro Se | BY _____ αℓ ___ DC | |
| Change of Venue If Yes, from: | ☐ Yes ☑ No | | | |

**Legal Statements**

☐ Pursuant to A.C.A. ☑ 16-93-301 et seq., ☑ 5-64-413 et seq., or ☑ _____ this Court, without making a finding of guilt or entering a judgement of guilt and with the consent of the Defendant defers further proceedings and places the Defendant on probation.

There being no legal cause shown by the Defendant, as requested, why judgement should not be pronounced, a judgement:

☐ is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. Defendant was advised of the conditions of the sentence and/or placement on probation and understands the consequences of violating those conditions. The Court retains jurisdiction during the period of probation/suspension and may change or set aside the conditions of probation/suspension for violations or failure to satisfy Department of Community Correction (D.C.C.) rules and regulations.

☑ of conviction is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. The Defendant is sentenced to the Arkansas Department of Correction (A.D.C.) for the term specified on each offense shown below.

Defendant made a voluntary, knowing and intelligent waiver of right to counsel.  ☐ Yes ☑ No

**Offender**

| Defendant [Last, First, MI] | Shaw, Jack Arnold | | DOB | 11/14/1967 | Sex ☑ Male ☐ Female | Total Number of Counts | 6 |
|---|---|---|---|---|---|---|---|
| SID# | 669223 | Race & Ethnicity ☑ White ☐ Pacific Islander | ☐ Black ☐ Other | ☐ Asian ☐ Unknown | ☐ Hispanic | ☐ Native American | |
| Supervision Status at Time of Offense | | | | | | | |

---

**Offense (This Most Serious Offense)** — 08/280 V 1/715

| A.C.A. # / Name of Offense | 5-13-204 - AGGRAVATED ASSAULT | | | Offense was | ☐ Nolle Prossed |
|---|---|---|---|---|---|
| A.C.A. # Orig. Charge | | Case # 2014-0047-2 | ATN 1042497 | ☐ Dismissed | ☐ Acquitted |

| Offense Date | 5/16/2014 | Appeal from District Court | ☐ Yes ☑ No | Probation/SIS Revocation | ☐ Yes ☑ No |
|---|---|---|---|---|---|

| Criminal History Score | 2 | Seriousness Level | 3 | Offense is | ☑ Felony ☐ Misd. | Offense Classification ☐ Y ☐ A ☐ B ☐ C ☑ D ☐ U |
|---|---|---|---|---|---|---|

| Presumptive Sentence | ☑ Prison Sentence of | 18 months | ☑ Community Corrections Center | ☑ Alternative Sanction |
|---|---|---|---|---|

| Number of Counts | 1 | Defendant | ☐ Attempted ☐ Solicited ☐ Conspired to Commit the Offense |
|---|---|---|---|

| Defendant Sentence | | If probation is accompanied by period of confinement, state time: _____ days _____ mths |
|---|---|---|
| ☑ ADC ☐ Jud Trans ☐ Cnty Jail | | |
| Imposed | 72 months | Sentence was enhanced _____ months, pursuant to A.C.A. |
| Probation | 0 months | Enhancement is to run ☐ Concurrent ☐ Consecutive |
| SIS | 0 months | Defendant was sentenced as a habitual offender, pursuant to A.C.A. 5-4-501, subsection |
| Other | ☐ Life ☐ LWOP ☐ Death | ☐ (a) ☐ (b) ☐ (c) ☐ (d) |

| Victim Information [Multiple Victims] | ☑ N/A ☐ Yes ☐ No] | Age | Sex ☐ Male ☐ Female | Race & Ethnicity ☐ White ☐ Pacific Islander | ☐ Black ☐ Asian ☐ Other ☐ Unknown | ☐ Native American ☐ Hispanic |
|---|---|---|---|---|---|---|

| Defendant voluntarily, intelligently and knowingly entered a | | Defendant | | ☐ 16-93-301 et seq. ☐ 5-64-413 et seq. |
|---|---|---|---|---|
| ☑ negotiated plea of | ☑ guilty ☐ nolo contendere | ☐ was sentenced pursuant to ☐ Other | | |
| | | ☐ entered a plea and was sentenced by a jury. | | |
| ☐ plea directly to the court of | ☐ guilty ☐ nolo contendere | ☐ was found guilty by the court & sentenced by | ☐ court ☐ jury | |
| | | ☐ was found guilty at a jury trial & sentenced by | ☐ court ☐ jury | |
| | | ☐ was found guilty of lesser offense by | ☐ court ☐ jury | |

| Sentence is a Departure ☑ Yes ☐ No ☐ N/A | Sentence Departure ☑ Durational ☐ Dispositional ☐ Both | |
|---|---|---|
| | If Durational, state how many months above/below the Presumptive Sentence | 54 |

| Departure Reason | Mitigating # _____ | or Aggravating # 14 | (For Agg #16, Mit #10 or departure from guidelines, explain) |
|---|---|---|---|

| Sentence will run | ☐ Consecutive ☑ Concurrent | to Offense # 3 | or to Case # _____ |
|---|---|---|---|

**Defendant's Full Name:  Shaw, Jack Arnold**

## Offense 1

| A.C.A. # / Name of Offense | 5-54-125 - FLEEING IN A VEHICLE CAUSING DANGER (7-28-1995 THEREAFTER) | Offense was | ☑ Nolle Prossed |
|---|---|---|---|
| A.C.A. # Orig. Charge | Case # 2014-0047-2    ATN  1042497 | ☐ Dismissed | ☐ Acquitted |

| Offense Date | 5/16/2014 | Appeal from District Court | ☐ Yes ☑ No | Probation/SIS Revocation | ☐ Yes ☑ No |
|---|---|---|---|---|---|

| Criminal History Score | 1 | Seriousness Level | 3 | Offense is | ☑ Felony ☐ Misd. | Offense Classification ☐ Y ☐ A ☐ B ☐ C ☑ D ☐ U |
|---|---|---|---|---|---|---|

| Presumptive Sentence | ☐ Prison Sentence of | 0 months | ☑ Community Corrections Center | ☑ Alternative Sanction |
|---|---|---|---|---|

| Number of Counts | 1 | Defendant | ☑ Attempted ☐ Solicited ☑ Conspired to Commit the Offense |
|---|---|---|---|

**Defendant Sentence** ☐ ADC ☐ Jud Trans ☐ Cnty Jail

If probation is accompanied by period of confinement, state time: ____ days ____ mths

Imposed 0 months | Sentence was enhanced ____ months, pursuant to A.C.A. ____
Probation 0 months | Enhancement is to run ☑ Concurrent ☑ Consecutive
SIS 72 months | Defendant was sentenced as a habitual offender, pursuant to A.C.A. 5-4-501, subsection
Other ☐ Life ☐ LWOP ☐ Death | ☐ (a) ☐ (b) ☐ (c) ☐ (d)

| Victim Information [Multiple Victims] | ☑ N/A ☑ Yes ☑ No] | Age | Sex | ☑ Male ☑ Female | Race & Ethnicity | ☑ White ☑ Black ☑ Asian ☑ Native American ☑ Other ☑ Unknown ☑ Hispanic ☑ Pacific Islander |
|---|---|---|---|---|---|---|

Defendant voluntarily, intelligently and knowingly entered a

Defendant ☑ 16-93-301 et seq. ☑ 5-64-413 et seq.

☑ negotiated plea of ☑ guilty ☐ nolo contendere
☐ plea directly to the court of ☑ guilty ☑ nolo contendere

☐ was sentenced pursuant to ☑ Other
☐ entered a plea and sentenced by a jury.
☐ was found guilty by the court & sentenced by ☑ court ☑ jury
☐ was found guilty at a jury trial & sentenced by ☑ court ☑ jury
☐ was found guilty of lesser offense by ☑ court ☑ jury

| Sentence is a Departure ☐ Yes ☑ No ☐ N/A | Sentence Departure ☐ Durational ☐ Dispositional ☐ Both |
|---|---|
| | If Durational, state how many months above/below the Presumptive Sentence   0 |

Departure Reason  Mitigating # ____ or Aggravating # ____ (For Agg #16, Mit #10 or departure from guidelines, explain)

Sentence will run ☑ Consecutive ☑ Concurrent to Offense # 5 or to Case # ____

## Offense 2

| A.C.A. # / Name of Offense | 5-64-420(b)(1) - Possession of Methamphetamine or Cocaine w/ Purpose to Deliver, | Offense was | ☑ Nolle Prossed |
|---|---|---|---|
| A.C.A. # Orig. Charge | Case # 2014-0047-2    ATN  1042497 | ☑ Dismissed | ☑ Acquitted |

| Offense Date | 5/16/2014 | Appeal from District Court | ☐ Yes ☑ No | Probation/SIS Revocation | ☐ Yes ☑ No |
|---|---|---|---|---|---|

| Criminal History Score | 1 | Seriousness Level | 6 | Offense is | ☑ Felony ☐ Misd. | Offense Classification ☐ Y ☐ A ☐ B ☑ C ☐ D ☐ U |
|---|---|---|---|---|---|---|

| Presumptive Sentence | ☑ Prison Sentence of | 42 months | ☑ Community Corrections Center | ☑ Alternative Sanction |
|---|---|---|---|---|

| Number of Counts | 1 | Defendant | ☑ Attempted ☐ Solicited ☑ Conspired to Commit the Offense |
|---|---|---|---|

**Defendant Sentence** ☑ ADC ☐ Jud Trans ☐ Cnty Jail

If probation is accompanied by period of confinement, state time: ____ days ____ mths

Imposed 36 months | Sentence was enhanced ____ months, pursuant to A.C.A. ____
Probation 0 months | Enhancement is to run ☑ Concurrent ☑ Consecutive
SIS 0 months | Defendant was sentenced as a habitual offender, pursuant to A.C.A. 5-4-501, subsection
Other ☐ Life ☐ LWOP ☐ Death | ☐ (a) ☐ (b) ☐ (c) ☐ (d)

| Victim Information [Multiple Victims] | ☑ N/A ☑ Yes ☑ No] | Age | Sex | ☑ Male ☑ Female | Race & Ethnicity | ☑ White ☑ Black ☑ Asian ☑ Native American ☑ Other ☑ Unknown ☑ Hispanic ☑ Pacific Islander |
|---|---|---|---|---|---|---|

Defendant voluntarily, intelligently and knowingly entered a

Defendant ☑ 16-93-301 et seq. ☑ 5-64-413 et seq.

☑ negotiated plea of ☑ guilty ☐ nolo contendere
☐ plea directly to the court of ☑ guilty ☑ nolo contendere

☐ was sentenced pursuant to ☑ Other
☐ entered a plea and sentenced by a jury.
☐ was found guilty by the court & sentenced by ☑ court ☑ jury
☐ was found guilty at a jury trial & sentenced by ☑ court ☑ jury
☐ was found guilty of lesser offense by ☑ court ☑ jury

| Sentence is a Departure ☑ Yes ☐ No ☐ N/A | Sentence Departure ☑ Durational ☐ Dispositional ☐ Both |
|---|---|
| | If Durational, state how many months above/below the Presumptive Sentence   -6 |

Departure Reason  Mitigating # ____ or Aggravating # 15 (For Agg #16, Mit #10 or departure from guidelines, explain)

Sentence will run ☑ Consecutive ☑ Concurrent to Offense # 1 or to Case # ____

**Defendant's Full Name:** Shaw, Jack Arnold

| A.C.A. # / Name of Offense | 5-64-428(b)(1)(A) - Possession of Sched III Cont. Subs. w/ Purpose to Deliver, < 28g | | Offense was | ☑ Nolle Prossed |
|---|---|---|---|---|

| A.C.A. # Orig. Charge | | Case # 2014-0047-2 | ATN 1042497 | ☐ Dismissed ☐ Acquitted |
|---|---|---|---|---|

| Offense Date | 5/16/2014 | Appeal from District Court | ☐ Yes ☑ No | Probation/SIS Revocation | ☐ Yes ☑ No |
|---|---|---|---|---|---|

| Criminal History Score | 1 | Seriousness Level | 4 | Offense is ☑ Felony ☐ Misd. | Offense Classification ☐ Y ☐ A ☐ B ☑ C ☐ D ☐ U |
|---|---|---|---|---|---|

| Presumptive Sentence | ☑ Prison Sentence of | 18 months | ☑ Community Corrections Center | ☐ Alternative Sanction |
|---|---|---|---|---|

| Number of Counts | 1 | Defendant | ■ Attempted | ■ Solicited | ■ Conspired to Commit the Offense |
|---|---|---|---|---|---|

**Defendant Sentence**

☐ ADC ☐ Jud Trans ☐ Cnty Jail

Imposed 0 months
Probation 0 months
SIS 0 months
Other ☐ Life ☐ LWOP ☐ Death

If probation is accompanied by period of confinement, state time: _____ days _____ mths

Sentence was enhanced _____ months, pursuant to A.C.A.
Enhancement is to run ■ Concurrent ■ Consecutive

Defendant was sentenced as a habitual offender, pursuant to A.C.A. 5-4-501, subsection
☐ (a) ☐ (b) ☐ (c) ☐ (d)

| Victim Information [Multiple Victims | ☑ N/A ☐ Yes ■ No] | Age | Sex ■ Male ☐ Female | Race & Ethnicity ■ White ■ Black ■ Asian ■ Native American ■ Other ■ Pacific Islander ■ Unknown ■ Hispanic |
|---|---|---|---|---|

Defendant voluntarily, intelligently and knowingly entered a

☑ negotiated plea of
☐ plea directly to the court of

☑ guilty
☐ nolo contendere
■ guilty
■ nolo contendere

**Defendant**
☐ was sentenced pursuant to ■ 16-93-301 et seq. ■ 5-64-413 et seq.
☐ Other
☐ entered a plea and was sentenced by a jury.
☐ was found guilty by the court & sentenced by ■ court ■ jury
☐ was found guilty at a jury trial & sentenced by ■ court ■ jury
☐ was found guilty of lesser offense by ■ court ■ jury

| Sentence is a Departure ☐ Yes ☐ No ☑ N/A | Sentence Departure ☐ Durational ☐ Dispositional ☐ Both | |
|---|---|---|
| | If Durational, state how many months above/below the Presumptive Sentence | 0 |

| Departure Reason | Mitigating # | or Aggravating # | (For Agg #16, Mit #10 or departure from guidelines, explain) |
|---|---|---|---|

| Sentence will run | ■ Consecutive | ■ Concurrent | to Offense # _____ | or to Case # _____ |
|---|---|---|---|---|

---

| A.C.A. # / Name of Offense | 5-64-436(b)(2) - Possession of Sched VI Cont. Subs. w/ Purpose to Deliver, > 14g < 4 | | Offense was | ■ Nolle Prossed |
|---|---|---|---|---|

| A.C.A. # Orig. Charge | | Case # 2014-0047-2 | ATN 1042497 | ■ Dismissed ■ Acquitted |
|---|---|---|---|---|

| Offense Date | 5/16/2014 | Appeal from District Court | ☐ Yes ☑ No | Probation/SIS Revocation | ☐ Yes ☑ No |
|---|---|---|---|---|---|

| Criminal History Score | 1 | Seriousness Level | 3 | Offense is ☑ Felony ☐ Misd. | Offense Classification ☐ Y ☐ A ☐ B ☐ C ☑ D ☐ U |
|---|---|---|---|---|---|

| Presumptive Sentence | ☐ Prison Sentence of | 0 months | ☑ Community Corrections Center | ☑ Alternative Sanction |
|---|---|---|---|---|

| Number of Counts | 1 | Defendant | ■ Attempted | ■ Solicited | ■ Conspired to Commit the Offense |
|---|---|---|---|---|---|

**Defendant Sentence**

☐ ADC ☐ Jud Trans ☐ Cnty Jail

Imposed 0 months
Probation 0 months
SIS 72 months
Other ☐ Life ☐ LWOP ☐ Death

If probation is accompanied by period of confinement, state time: _____ days _____ mths

Sentence was enhanced _____ months, pursuant to A.C.A.
Enhancement is to run ■ Concurrent ■ Consecutive

Defendant was sentenced as a habitual offender, pursuant to A.C.A. 5-4-501, subsection
☐ (a) ☐ (b) ☐ (c) ☐ (d)

| Victim Information [Multiple Victims | ☑ N/A ☐ Yes ■ No] | Age | Sex ■ Male ☐ Female | Race & Ethnicity ■ White ■ Black ■ Asian ■ Native American ■ Other ■ Pacific Islander ■ Unknown ■ Hispanic |
|---|---|---|---|---|

Defendant voluntarily, intelligently and knowingly entered a

☑ negotiated plea of
☐ plea directly to the court of

☑ guilty
☐ nolo contendere
■ guilty
■ nolo contendere

**Defendant**
☐ was sentenced pursuant to ■ 16-93-301 et seq. ■ 5-64-413 et seq.
☐ Other
☐ entered a plea and was sentenced by a jury.
☐ was found guilty by the court & sentenced by ■ court ■ jury
☐ was found guilty at a jury trial & sentenced by ■ court ■ jury
☐ was found guilty of lesser offense by ■ court ■ jury

| Sentence is a Departure ☐ Yes ☑ No ☐ N/A | Sentence Departure ☐ Durational ☐ Dispositional ☐ Both | |
|---|---|---|
| | If Durational, state how many months above/below the Presumptive Sentence | 0 |

| Departure Reason | Mitigating # | or Aggravating # | (For Agg #16, Mit #10 or departure from guidelines, explain) |
|---|---|---|---|

| Sentence will run | ■ Consecutive | ☑ Concurrent | to Offense # 2 | or to Case # _____ |
|---|---|---|---|---|

Defendant's Full Name:    Shaw, Jack Arnold

| A.C.A. # / Name of Offense | 5-64-443(a)(2) - Possession of Drug Paraphernalia to Ingest, Inhale, etc. | | Offense was | ☑ Nolle Prossed |
|---|---|---|---|---|

| A.C.A. # Orig. Charge | | Case # 2014-0047-2 | ATN 1042497 | ☐ Dismissed    ☐ Acquitted |
|---|---|---|---|---|

| Offense Date | 5/16/2014 | Appeal from District Court | ☐ Yes ☑ No | Probation/SIS Revocation | ☐ Yes ☑ No |
|---|---|---|---|---|---|

| Criminal History Score | 1 | Seriousness Level | 3 | Offense is | ☑ Felony ☐ Misd. | Offense Classification ☐ Y ☐ A ☐ B ☐ C ☑ D ☐ U |
|---|---|---|---|---|---|---|

| Presumptive Sentence | ☐ Prison Sentence of | 0 months | ☑ Community Corrections Center | ☑ Alternative Sanction |
|---|---|---|---|---|

| Number of Counts | 1 | Defendant | ■ Attempted | ■ Solicited | ■ Conspired to Commit the Offense |
|---|---|---|---|---|---|

| Defendant Sentence | | If probation is accompanied by period of confinement, state time: | _____ days _____ mths |
|---|---|---|---|
| ☐ ADC ☐ Jud Trans ☐ Cnty Jail | | Sentence was enhanced _____ months, pursuant to A.C.A. | |
| Imposed _____ 0 months | | | |
| Probation _____ 0 months | | Enhancement is to run   ■ Concurrent   ■ Consecutive | |
| SIS _____ 0 months | | Defendant was sentenced as a habitual offender, pursuant to A.C.A. 5-4-501, subsection | |
| Other ☐ Life ☐ LWOP ☐ Death | | ☐ (a)   ☐ (b)   ☐ (c)   ☐ (d) | |

| Victim Information [Multiple Victims | ☑ N/A ■ Yes ■ No] | Age | Sex | ■ Male ■ Female | Race & Ethnicity ■ Pacific Islander | ■ White ■ Black ■ Asian ■ Native American ■ Other ■ Unknown ■ Hispanic |
|---|---|---|---|---|---|---|

| Defendant voluntarily, intelligently and knowingly entered a | | Defendant | | 16-93-301 et seq. | 5-64-413 et seq. |
|---|---|---|---|---|---|
| ☐ negotiated plea of | ■ guilty ■ nolo contendere | ☐ was sentenced pursuant to ☐ entered a plea and was sentenced by a jury. | ■ Other | | |
| | | ☐ was found guilty by the court & sentenced by | | ■ court | ■ jury |
| ☐ plea directly to the court of | ■ guilty ■ nolo contendere | ☐ was found guilty at a jury trial & sentenced by | | ■ court | ■ jury |
| | | ☐ was found guilty of lesser offense by | | ■ court | ■ jury |

| Sentence is a Departure | Sentence Departure | ☐ Durational | ☐ Dispositional | ☐ Both |
|---|---|---|---|---|
| ☐ Yes ☐ No ☑ N/A | If Durational, state how many months above/below the Presumptive Sentence | | | 0 |

| Departure Reason | Mitigating # _____ | or Aggravating # _____ | (For Agg #16, Mit #10 or departure from guidelines, explain) |
|---|---|---|---|

| Sentence will run | ■ Consecutive | ■ Concurrent | to Offense # _____ | or to Case # _____ |
|---|---|---|---|---|

Defendant's Full Name:   **Shaw, Jack Arnold**

## Special Conditions

| **Sex Offenses** | **Domestic Violence Offenses** |
|---|---|
| Defendant has been adjudicated guilty of an offense requiring sex offender registration and must complete the Sex Offender Registration Form. ☐ Yes  ☑ No | Defendant has been adjudicated guilty of a domestic-violence related offense. ☐ Yes  ☑ No |
| Defendant has committed an aggravated sex offense as defined in A.C.A. 12-12-903 ☐ Yes  ☑ No | Defendant was originally charged with a domestic-violence related offense. ☐ Yes  ☑ No  If Yes, state the name of the Offense |
| Defendant is alleged to be a sexually violent predator and is ordered to undergo an evaluation at a facility designated by A.D.C. pursuant to A.C.A. 12-12-918. ☐ Yes  ☑ No | |
| Defendant has been adjudicated guilty of an offense requiring registration and has previously been adjudicated guilty of a prior sex offense under a separate case number.  If yes, list prior case numbers. ☐ Yes  ☑ No     Case Number(s) | If Yes to either question, identify the relationship of the victim to the Defendant. |
| **DNA Sample / Qualifying Offenses** Defendant has been adjudicated guilty of a qualifying offense or repeat offense as defined in A.C.A. 12-12-1103.  ☑ Yes  ☐ No  Defendant is ordered to have a DNA sample drawn at ☐ a D.C.C. Facility  ☐ the A.D.C.  ☑ Other   DNA ON FILE | **Drug Crime** Defendant has been adjudicated guilty of a drug crime as defined in  A.C.A. 12-17-101. ☑ Yes  ☐ No |

## Fines, Fees, Restitution

| | | |
|---|---|---|
| Court Costs | $150.00 | Restitution        $5,730.41 |
| Fines | $1,500.00 | Payable to [If multiple beneficiaries, give names and payment priority]   Grant County Sheriff Dept. 101 West Pine, Room 1, Sheridan, AR 72150 |
| Booking/Admin Fees ($20) | | |
| Drug Crime Assessment Fee ($125) | $125.00 | Terms   ☐ Due Immediately |
| DNA Sample Fee ($250) | | ☑ Installments of:       $100.00 PER MONTH |
| Mandatory Sex Offender Fee ($250) | | |
| Public Defender User Fee ($25) | | ☑ Payments must be made within _____60_ days of release from A.D.C. |
| Public Defender Attorney Fee | | ☐ Upon release from confinement, Defendant must return to court to establish payment of restitution. |
| Other (explain below) | | ☐ Restitution is joint and several with co-defendant(s) who was found guilty.  List name(s) and case number(s). |

## Sentence Options

| Act 531, 16-93-1201 et seq.: Defendant was convicted of a target offense(s) and is sentenced pursuant to provisions of the Community Punishment Act.   ☐ Yes  ☑ No | Extended Juvenile Jurisdiction Applied |
|---|---|
| The Court hereby orders a judicial transfer to the Department of Community Correction.    ☐ Yes  ☑ No | |
| Pursuant to Community Punishment Act, the defendant shall be eligible to have his/her records sealed. | ☐ Yes ☑ No   ☐ Yes  ☑ No |

| JAIL TIME CREDIT In days:  3 | TOTAL TIME TO BE SERVED FOR ALL OFFENSES In months:  72   ☐ Life  ☐ LWOP | Death Penalty ☐ Yes  ☑ No | If Yes, State Execution Date |
|---|---|---|---|

DEFENDANT IS ASSIGNED TO:   ☑ ADC   ☐ CCC   ☐ COUNTY JAIL   ☐ PROBATION   ☐ SIS     ☐ SPECIAL CONDITIONS

| | |
|---|---|
| Conditions of disposition or probation are attached.   ☐ Yes ☑ No | ☐ Defendant has previously failed a drug court program |
| A copy of the Pre-sentence investigation on sentencing information is attached     ☐ Yes  ☑ No  A copy of the Prosecutor's Short Report is attached     ☑ Yes  ☐ No | |

DEFENDANT WAS INFORMED OF APPELLATE RIGHTS   ☐ Yes  ☑ No      Appeal Bond  $

The County Sheriff is hereby ordered to :   ☐ transport the defendant to county jail      ☐ take custody for referral to CCC     ☑ transport to ADC

Defendant shall report to DCC probation officer for report date to CCC     ☐ Yes  ☑ No

## Signature

| Prosecuting Attorney/Deputy Signature: | Date: 12/19/14   Print Name:  Norman B. Frisby |
|---|---|
| Circuit Judge Signature: | Date: 12/24/14   Print Name:  EDDY R. EASLEY |

Additional Info
This sentence also concurrent with Pulaski County sentence.

PROSECUTOR'S SHORT REPORT OF CIRCUMSTANCES

This information is provided pursuant to A.C.A § 12-27-113 (C) (1) & (2) (Supp.1993).

Defendant's Name: Shaw, Jack Arnold                                    SID #:  669223

Case #'s  2014-0047-2

I.    SUMMARY OF THE FACTS:
      On 5/16/14 AR State Troopers were working a checkpoint in Grant County when a vehicle being driven by Jack Shaw pulled to the checkpoint and when asked to provide his driver information Shaw excelerated, narrowly missing several law enforcement officers.  A pursuit ensued & officers observed drugs being thrown from the vehicle.  A PIT maneuver was performed & Shaw attempted to flee again, this time running into a police cruiser.  Shaw fled on foot & was apprehended. In Shaw's vehicle & along with roadway officers found methamphetamine, scales, sandwich bags, marijuana, hydrocodone & assorted paraphernalia.  On 12/17/2014 Jack Shaw pled guilty to Aggravated Assault; Fleeing; Possession of Meth with Purpose to Deliver & Possession of Marijuana with Purpose to Deliver.  Shaw was sentenced to 6 years ADC, plus fine, costs & fees concurrent with Pulaski County sentence.

II.   FACTORS:

### AGGRAVATING

( )   Production or use of any weapon during the criminal episode.

( )   Threat or violence toward witnesss(es) or victim(s)

( )   Defendant knew or had reason to know  the victims were particularly vulnerable (aged, handicapped, very young, etc.)

( )   Ability to make restitution, reparation or return property and failed to do so.

( )   Violation of position of public trust or recognized professional ethics.

( )   Degree of property loss, personal injury or threatened personal injury substantially greater than characteristic for the crime.

( )   There is a single conviction for a crime involving multiple victims or incidents.

( )   Defendant on probation or parole at the  time of the crime.

( )   Persistent involvement in similar criminal offenses.

( )   Repetition of behavior pattern which contributes to criminal conduct, e.g., return to drug or alcohol abuse.

( )   Prior record of similar offenses.

( )   Serious prior record

( )   Pursuant to a Guilty or No Contest plea, other crimes were dismissed or not prosecuted.

( )   New criminal activity while on pretrial release.

( )   Persistent criminal misconduct while under super-vision.

( )   Efforts to conceal crime.

(X)   Other: Multiple concurrent sentences.

### MITIGATING

( )   Victim(s) provoked the crime to substantial degree or other evidence that misconduct by victim contributed to the criminal episode.

( )   Cooperation with criminal justice agencies in resolution or other criminal activity.

( )   Effort to make restitution or reparation(particularly before required to do so by sentencing).

( )   Degree of property loss, personal injury or threatened personal injury substantially less than characteristic for the crime.

( )   Special effort on part of perpetrator to minimize the harm or risk.

( )   Peripheral involvement in criminal episode (e.g., passive accessory).

( )   Evidence of withdrawal, duress, necessity or lack of s of sustained criminal intent or diminished mental capacity (e.g., mental retardation) which is insufficient to constitute a defense but is indicative of reduced culpability.

( )   No prior parole or probation difficulty.

( )   Efforts to deal with problems associated with past criminal conduct.

( )   No, or minimal, prior record.

( )   Other:

- Not an Official Document

1/31/20, 1:04 PM

## Report Selection Criteria

**Case ID:**           60CR-14-1644
**Citation No:**
**Docket Start Date:**
**Docket Ending Date:**

## Case Description

**Case ID:**      60CR-14-1644 - STATE V JACK A SHAW *-NON-TRIAL*
**Filing Date:** Thursday , May 22nd, 2014
**Court:**        60 - PULASKI
**Location:**     CI - CIRCUIT
**Type:**         DI - FELONY
**Status:**       *none*
**Images:**

## Case Event Schedule

*No case events were found.*

## Case Parties

| Seq # | Assoc | End Date | Type | ID | Name |
|---|---|---|---|---|---|
| 8 | | | PROSECUTING ATTORNEY | 1002190 | **JEGLEY, GEORGE LAWRENCE** |
| | | | | **Aliases:** | JEGLEY, GEORGE LAWRENCE |
| | | | | | |
| 3 | | | PLAINTIFF | 11223686 | **STATE OF ARKANSAS** |
| | | | | **Aliases:** | *none* |
| | | | | | |
| 2 | | | JUDGE | 7965381 | **HON. LEON JOHNSON - 1ST DIVISION 6TH CIRCUIT** |
| | | | | **Aliases:** | JOHNSON |

| 5 | | | DEFENDANT | <u>3629529</u> | **SHAW, JACK A** |
| | | | | Aliases: | SHAW, JACK A<br>SHAW, JACK ARNOLD |
| | | | | | |

## <u>Violations</u>

SHAW, JACK A

**<u>Violation</u>: 1**          **Citation#**:          **Age at Violation**: 45    **Plea**: <u>08-DEC-14</u>    <u>GUILTY</u>
**<u>5-54-120(b)(1)</u>    FAIL TO APPEAR ON FELONY (FTA); FC**    **Disp**:08-DEC-14    GUILTY
**Level**:    FC    CLASS C FELONY
**Violation Date**: 09-SEP-13
**Violation Time**:

## <u>Sentence</u>

**Name**: JACK A SHAW          **Sentence**: DOC:-DEPARTMENT OF CORRECTIONS
          **Sequence**: 3
**Length**: 6 YEAR(S)    **Suspended Length**:  DAY(S)    **Consecutive**:    **Concurrent**:
**Served**: 4    **Signed**:    **Start**:    **Probation**:    **Completion**:
**Sentence Detail**:
**Violation(s)**
**Violation No**: 1, 5-54-120(b)(1) , FAIL TO APPEAR ON FELONY (FTA); FC

## <u>Milestone Tracks</u>

*No Milestone Tracks found.*

## <u>Docket Entries</u>

| Filing<br>Date | Description | Name | Monetary |
|---|---|---|---|
| | | | |

- Not an Official Document                                                1/31/20, 1:04 PM

| 05/22/2014<br>01:25 PM | AOC COVERSHEET CRIMINAL | | |
|---|---|---|---|
| **Entry:** | *none.* | | |
| **Images** | No Images | | |

| 05/22/2014<br>01:25 PM | CRIMINAL INFORMATION | | |
|---|---|---|---|
| **Entry:** | *none.* | | |
| **Images** | No Images | | |

| 05/22/2014<br>01:25 PM | MOF DIRECT | | |
|---|---|---|---|
| **Entry:** | JACK A SHAW | | |
| **Images** | No Images | | |

| 05/22/2014<br>01:25 PM | BOND ASSESSED BY COURT | SHAW, JACK A | |
|---|---|---|---|
| **Entry:** | BOND SET: 0 DEFENDANT FAILED TO APPEAR IN CR12-3227 | | |
| **Images** | No Images | | |

| 05/23/2014<br>08:45 AM | ARREST WARRANT ISSUED | SHAW, JACK A | |
|---|---|---|---|
| **Entry:** | *none.* | | |
| **Images** | No Images | | |

| 05/27/2014<br>08:34 AM | MOTION DISCOVERY | JEGLEY, GEORGE<br>LAWRENCE | |
|---|---|---|---|
| **Entry:** | :ST | | |
| **Images** | WEB | | |

| 05/27/2014<br>08:34 AM | RESPONSE/REPLY | JEGLEY, GEORGE<br>LAWRENCE | |
|---|---|---|---|

| | |
|---|---|
| **Entry:** | RESPONSE TO DISCOVERY:ST |
| **Images** | WEB |

| | | | |
|---|---|---|---|
| 05/29/2014 04:00 PM | NOTICE HEARING SCHEDULED | | |
| **Entry:** | SHAW | | |
| **Images** | WEB | | |

| | | | |
|---|---|---|---|
| 07/01/2014 02:11 PM | ARREST WARRANT SERVED | SHAW, JACK A | |
| **Entry:** | BW SERVED ON DEF 7-1-14 | | |
| **Images** | No Images | | |

| | | | |
|---|---|---|---|
| 07/01/2014 02:11 PM | COUNTY WARRANT SERVICE FEE | SHAW, JACK A | |
| **Entry:** | BW | | |
| **Images** | No Images | | |

| | | | |
|---|---|---|---|
| 07/07/2014 08:53 AM | JUDGE NOTE | | |
| **Entry:** | M Jesse for D, waive reading/service, PNG, OH 12/8/14 @ 930, JT 1/13/15 @ 930, MC 11/17/14, 14-1644: OR in amt of $1500 | | |
| **Images** | No Images | | |

| | | | |
|---|---|---|---|
| 07/07/2014 02:42 PM | NOTICE APPEAR AND SHOW CAUSE | | |
| **Entry:** | *none.* | | |
| **Images** | WEB | | |

| | | | |
|---|---|---|---|
| 07/07/2014 03:43 PM | PLEA & ARRAIGNMENT HELD | | |

| Entry: | *none.* | | |
|---|---|---|---|
| **Images** | No Images | | |
| | | | |
| 12/08/2014 10:13 AM | JUDGE NOTE | | |
| **Entry:** | Change of plea, plea statement, 12-3227: State moves to n/p cts 6-8; D stipulates to habitual status, 6 yrs ADC, 4 dys jail credit (all cases to run cc and w/Grant Cty) | | |
| **Images** | No Images | | |
| | | | |
| 12/08/2014 10:14 AM | SPEED LETTER | | |
| **Entry:** | COMM TO 6YRS ADC W/4DYS JC CONCURRENT -SHAW | | |
| **Images** | WEB | | |
| | | | |
| 12/08/2014 12:27 PM | OMNIBUS HEARING CANCELLED | | |
| **Entry:** | *none.* | | |
| **Images** | No Images | | |
| | | | |
| 12/08/2014 12:40 PM | JURY TRIAL CANCELLED | | |
| **Entry:** | *none.* | | |
| **Images** | No Images | | |
| | | | |
| 12/19/2014 01:02 PM | SENTENCING ORDER | | |
| **Entry:** | *none.* | | |
| **Images** | No Images | | |
| | | | |
| 12/19/2014 03:50 PM | MOD JUDGMENT/DECREE/ORDER | SHAW, JACK A | |
| **Entry:** | TRIAL TYPE: N | | |

# EXHIBIT 2

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA        :        DOCKET NO. 4:15CR134-3
                                :
VS.                             :        SHERMAN, TEXAS
                                :        MAY 2, 2017
JACK SHAW                       :        11:27 A.M.


SENTENCING HEARING
BEFORE THE HONORABLE AMOS L. MAZZANT, III,
UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE GOVERNMENT:        MS. HEATHER HARRIS RATTAN
                           U.S. ATTORNEY'S OFFICE
                           101 E. PARK, SUITE 500
                           PLANO, TEXAS  75074


FOR THE DEFENDANT:         MR. THOMAS SCOTT SMITH
                           SMITH & SMITH
                           120 S. CROCKETT
                           SHERMAN, TEXAS  75091


COURT REPORTER:            MS. JAN MASON
                           OFFICIAL REPORTER
                           U.S. DISTRICT COURTHOUSE
                           101 E. PECAN
                           SHERMAN, TEXAS  75090


PROCEEDINGS REPORTED BY MECHANICAL STENOGRAPHY, TRANSCRIPT

PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.

2

```
 1          THE COURT:  We have one more case on our morning

 2   docket.  We have Case 4:15CR134, the third Defendant, United

 3   States of America versus Jack Shaw.  And for the Government?

 4          MS. RATTAN:  Good morning, Your Honor.  Heather

 5   Rattan.

 6          THE COURT:  Good morning.  And for the Defendant?

 7          MR. SMITH:  Good morning, Your Honor.  Scott Smith

 8   for Mr. Shaw.

 9          THE COURT:  And then we're here, sir, for your

10   sentencing pursuant to the final Presentence Report that was

11   filed on April 27th, 2017.  Have you had a chance to review the

12   final Presentence Report, sir?

13          MR. JACK SHAW:  Yes, sir.

14          THE COURT:  Have you had a chance to discuss it with

15   your counsel?

16          MR. JACK SHAW:  Yes, sir.

17          THE COURT:  And do you understand the final

18   Presentence Report?

19          MR. JACK SHAW:  Yes, sir.

20          THE COURT:  And is he -- I'm not really hearing his

21   voice through the mic.  Is it still on?

22          MR. JACK SHAW:  Yes, sir.

23          THE COURT:  It seems like it might have gotten turned

24   off.  It's back on now, so --

25          MR. JACK SHAW:  Yes, sir.
```

3

1        THE COURT:  Very good.  Thank you.  I could hear your

2   answers but it's best to go through the sound system.

3        Do you believe the Presentence Report adequately covers

4   your background?

5        MR. JACK SHAW:  Yes, sir.

6        THE COURT:  And are you satisfied with the accuracy

7   of the report?

8        MR. JACK SHAW:  Yes, sir.

9        THE COURT:  And, Mr. Smith, have you had an

10  opportunity to discuss the final Presentence Report with your

11  client?

12       MR. SMITH:  I have.

13       THE COURT:  And do you believe he understands it?

14       MR. SMITH:  I believe he does.

15       THE COURT:  And do you have any comments, additions

16  or corrections to the report?

17       MR. SMITH:  No, sir.

18       THE COURT:  On behalf of the Government, Ms. Rattan,

19  any comments, additions or corrections to the report?

20       MS. RATTAN:  No, Your Honor.  Thank you.

21       THE COURT:  And there were no objections by either

22  side?

23       MR. SMITH:  Correct.

24       MS. RATTAN:  That's correct.

25       THE COURT:  Then, sir, you pleaded guilty to count

4

1    one, conspiracy to possess with the intent to distribute and

2    distribution of 500 grams or more of methamphetamine,

3    five kilograms or more of cocaine and one kilogram or more of

4    heroin.

5         And you pleaded guilty with an 11(c)(1)(C) agreement

6    for an agreed upon sentence of 12 years, which is a little

7    bit lower than the Sentencing Guidelines.  But I will fully

8    accept the 11(c)(1)(C) agreement and sentence you in

9    accordance with those terms.

10        So the Court finds that the information contained in

11   your Presentence Report has sufficient indicia of

12   reliability to support its probable accuracy.  The Court

13   adopts the factual findings, undisputed facts and the

14   guideline applications in the Presentence Report.

15        Based upon a preponderance of the evidence presented

16   and the facts in the report, while viewing the Sentencing

17   Guidelines as advisory, the Court concludes as follows:

18   Your total offense level is a 33.  Your criminal history

19   category is a IV, which provides for an advisory guideline

20   range of 188 months to 235 months of imprisonment.  Of

21   course, your agreed upon sentence, which I have accepted, is

22   less than that.

23        Let me first call upon Mr. Smith, if you have any

24   comments regarding sentencing.

25             MR. SMITH:  Well, Your Honor, I was all prepared to

5

1    argue as to why you should accept the 11(c)(1)(C).  I'm glad

2    you did.  But I want you to know that it was based in part

3    because of his extensive cooperation and some other things that

4    counsel and I discussed.  I'm glad you accepted it.

5        The only other thing that's a little tricky here is the

6    adjustment for the relevant conduct, the sentence in

7    Arkansas as described in the Presentence Report, that the

8    Court needs to adjust the sentence for the period of

9    imprisonment he's been serving on that relevant conduct

10   case.  And I think that would be from December 19th, 2014,

11   as shown in paragraphs 43 and 44.

12       Obviously he's in need of additional substance abuse

13   treatment.  I know the Court will refer him for that.

14           THE COURT:  Well, let me just ask, Mr. Smith, I

15   know that I'm going to be running several -- I guess two of the

16   charges from three of the cases concurrently.  The only one

17   that will run consecutively will be in the Case No.

18   06CR14-1644.  But the ones you're concerned about are the ones

19   that are in the Presentence Report as concurrent, is that

20   correct?

21           MR. SMITH:  That were identified as relevant conduct,

22   which I think was 42, 44 --

23           THE COURT:  Let me --

24           MR. SMITH:  And 41.

25           THE COURT:  And 41.  Let me just check those.

1    So 41 is going to be -- will run concurrent.  So will

2    paragraph 42, as will paragraph 44.

3    And then paragraph 43, I don't believe, is relevant

4    conduct and that will run consecutive to any -- to paragraph

5    43, and that's for the failure to appear, but the other ones

6    would all be concurrent.

7    Are you in agreement with that, Mr. Smith?

8    MR. SMITH:  I am.  I'm -- it's odd that we should be

9    talking about paragraph 43 because that's one that counsel and

10   I were discussing.  It seems like a fairly extreme sentence for

11   a failure to appear, but that's sort of a sidebar there.

12   We would ask the Court to give Mr. Shaw credit from the

13   time that he was incarcerated on those concurrent offenses

14   as described in paragraph 5G1.3 of the guidelines and as

15   described in paragraph 72.

16   THE COURT:  Ms. Rattan, what's the Government's

17   position?

18   MS. RATTAN:  What I was just talking to the probation

19   officer about was whether that would violate the binding plea

20   agreement.  I don't think it does.  I think the Court is giving

21   the Defendant credit for time that he's already served on a

22   sentence that is part of this case.  It's essentially a

23   substantive act in a conspiracy.

24   THE COURT:  So I'm trying to figure out how do we --

25   I'm trying to figure out what finding I have to make to get us

1  to -- what is the date?

2         MR. SMITH:  I believe the date is December 19th,

3  2014.  That's the date reflected in paragraphs 43 and 44.

4         THE COURT:  I guess since I'm running this sentence

5  concurrent, won't the Bureau of Prisons give that credit

6  automatically?  What other finding do I have to make?

7         MR. SMITH:  Well, it looks like -- I'm just reading

8  5G1.3.  The sentence for the instant offense shall be -- the

9  Court shall adjust the sentence for any period of imprisonment

10  already served on the undischarged term of imprisonment if you

11  determine it won't be credited by the BOP.

12    I don't know if the BOP will go back before this case

13  was initiated, so I think what the Court has to do then is

14  shave the sentence to accommodate that previously served

15  time.

16         THE COURT:  Okay.  And so tell me, what are the

17  dates?  What is the time period you're asking me to give him

18  credit for then?

19         MR. SMITH:  My client says -- well, I'm looking at,

20  if you go with the date of December 14th -- December 19th,

21  2014, he was received on a writ from this Court on

22  December 11th of 2015, about a week shy of a year later.  So it

23  looks like he had previously served one year on that relevant

24  conduct case.

25         THE COURT:  Okay.  So do I -- I think I've done this.

8

1    Can't I -- instead of changing the sentence, can't I just

2    instruct in the judgment and tell the Bureau of Prisons to give

3    credit from December 14, 2014 to December 11, 2015?

4            MR. SMITH:  Far be it from me to criticize that.  I

5    suppose if they didn't give him credit, he could file a writ

6    and ask the Judge to enter judgment.

7            MS. RATTAN:  I think the judgment would be worded

8    pursuant to United States Sentencing Guideline 5G, the Court

9    finds that the Defendant should receive credit for the

10   offenses -- time served on the offenses in paragraphs, and list

11   the paragraphs of the PSR, which is one year.

12           THE COURT:  Well, it's three days shy of one year,

13   but that's fine.  And give me the guideline provision again.

14           MR. SMITH:  Yes, sir, 5G1.3(b).

15           MS. RATTAN:  And then once the judgment is issued, if

16   the Court will send that to me, I'll send it to BOP general

17   counsel and tell them what we've done and make sure that

18   they're not going to have any problems with it.

19       I don't think they have.  I've seen it done this way

20   before, but I just want to be sure before we get too much

21   time passed.

22           THE COURT:  Right.  And usually they contact us.

23   This Court deals with them too, and if they have a question,

24   they come back to us and ask.

25           MS. RATTAN:  Okay.

9

1        THE COURT:  But I appreciate that offer.  Thank you.

2      Okay.  I think we have that resolved.  Mr. Smith, what

3    else?

4        MR. SMITH:  That's it, Your Honor.

5        THE COURT:  Okay.  And then on behalf of the

6    Government, Ms. Rattan, any comments regarding sentencing?

7        MS. RATTAN:  No, Your Honor.  We do appreciate you

8    following the 11(c) agreement.  I do know that it's a little

9    below the guideline range, and I want you to know that we

10   carefully sat down, looked at each one of the Defendants and

11   considered what an appropriate 11(c) should be for each one of

12   the Defendants.

13     Thank you for following it.

14       THE COURT:  Thank you, Ms. Rattan.  I appreciate

15   that.

16     And then would the Defendant like to make any

17   statements, Mr. Shaw, to the Court?

18       MR. JACK SHAW:  I'm just sorry for what I did and

19   thank you for accepting the 11(c).

20       THE COURT:  You're welcome.

21     And then any reason why the Court should not pronounce

22   sentence at this time?

23       MS. RATTAN:  No, Your Honor.

24       MR. SMITH:  No.

25       THE COURT:  Then do you have a facility you would

1  like me to consider -- ask them to consider or a geographic

2  location?

3          MR. JACK SHAW:   Texarkana or Forrest City.

4          THE COURT:   Texarkana or where?

5          MR. JACK SHAW:   Forrest City, Arkansas.

6          THE COURT:   Is there a facility in Forrest City?

7          MR. JACK SHAW:   Yes, sir.

8          THE COURT:   I don't know Arkansas facilities, so I

9  assume you have family close by that area?

10          MR. JACK SHAW:   Yeah.   Either Texarkana or Forrest

11  City.   It's about the same.

12          THE COURT:   Okay.   Very good.

13      So pursuant to the Sentencing Reform Act of 1984,

14  having considered the factors noted in 18 USC Section

15  3553(a) and having consulted the advisory Sentencing

16  Guidelines, it's the judgment of the Court the Defendant,

17  Jack Shaw, is hereby committed to the custody of the Bureau

18  of Prisons to be imprisoned for 12 years, which should be

19  144 months, I believe, on count one of the indictment.

20      I will recommend to the Bureau of Prisons they consider

21  placing you near your family somewhere in the Texarkana or

22  Forrest City area.   And that's, again, not binding on the

23  Bureau of Prisons.   It will be whether you qualify for those

24  facilities or not and if there's space available.

25      The term of imprisonment for this instant offense shall

11

1   run concurrently with any undischarged term of imprisonment

2   in Docket No. CR 2014-1961 and 06CR-12-3227 in Pulaski

3   County Circuit Court, Pulaski, Arkansas, and Docket No.

4   2014-0047-2 in Grant County Circuit Court in Sheridan,

5   Arkansas.

6       I will also advise the Bureau of Prisons pursuant to

7   the guideline Section 5G1.3(b) that you be given credit for

8   the time served on the relevant conduct going from 12-14,

9   2014 to 12-11, 2015.

10      A term of imprisonment for this instant offense shall

11  run consecutively to any undischarged term of imprisonment

12  in Docket No. 06CR-14-1644 in Pulaski County Circuit Court,

13  Pulaski, Arkansas.

14      The Court recommends to the Bureau of Prisons you

15  receive appropriate drug treatment while you're imprisoned.

16      The Court finds you don't have the ability to pay a

17  fine and I'll waive a fine in this case.

18      You are ordered to pay to the United States a special

19  assessment of $100, which is due and payable immediately.

20      Upon release from imprisonment you shall be placed on

21  supervised release for a term of five years.  Within 72

22  hours of release from the custody of the Bureau of Prisons,

23  you shall report in person to the probation office in the

24  district to which you're released.

25      And you shall not commit another federal, state or

1   local crime and shall comply with the standard conditions

2   that have been adopted by the Court.

3       In addition, you must comply with the mandatory and

4   special conditions and instructions that have been set forth

5   and adopted in your Presentence Report.

6       Let me ask, have I included all the terms of the

7   11(c)(1)(C) agreement in pronouncement of my sentence?

8               MS. RATTAN:  Yes, Your Honor.

9               MR. SMITH:  Yes.

10              THE COURT:  Now, sir, you have the right to appeal

11  your conviction if you believe your guilty plea was somehow

12  unlawful or involuntary, or if there's some other fundamental

13  defect in the proceedings that were not waived by your guilty

14  plea.

15      You have a statutory right to appeal your sentence

16  under certain circumstances, particularly if you believe

17  your sentence is contrary to law.

18      However, you can waive those rights as part of your

19  plea agreement, and you have entered into a plea agreement

20  which waives certain rights to appeal your conviction and

21  your sentence.

22      With the exception of the grounds reserved in your plea

23  agreement, you have waived any right to appeal in this case.

24  Such waivers are generally enforceable, but if you believe

25  the waiver is not enforceable, you would need to present

13

1   that theory to the Appellate Court.

2       With few exceptions, any notice of appeal must be filed

3   within 14 days of the judgment being entered in this case.

4   If you are unable to pay the costs of the appeal, you can

5   apply for leave to appeal in forma pauperis, which is

6   without payment of fees.  If you so request assistance, the

7   clerk of the court will prepare and file a notice of appeal

8   on your behalf.

9       Now, your Presentence Report is already part of the

10  record under seal.  It will remain under seal unless needed

11  for purposes of appeal.

12      Then you pleaded guilty to I think the underlying

13  indictment.  Are there other charges to dismiss?

14          MS. RATTAN:  No, Your Honor.

15          THE COURT:  Then is there anything further from the

16  Government?

17          MS. RATTAN:  No, Your Honor.

18          THE COURT:  Anything further from defense?

19          MR. SMITH:  No.

20          THE COURT:  Then, sir, you'll go back into the

21  custody of the marshals pending your placement by the Bureau of

22  Prisons.

23      And we'll be in recess.  Thank you.

24

25

14

I certify that the foregoing is a correct transcript from

the record of proceedings in the above-entitled matter.

_____        _____
Jan Mason                               Date

# EXHIBIT 3

Attachment A

## _DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT_

Bureau of Prisons Program Statement No. 1330.18, **Administrative Remedy Program**, January 6, 2014, requires, in most cases, that Inmates attempt informal resolution of grievances prior to filing a Formal written complaint.  This form shall be used to document your efforts towards informally resolving your grievance.

Inmate's Name:  Shaw, Jack                              Date:  10/04/2022

Register Number:  #18677-009            Unit:          W-C

Specific Complaint (include date) and Requested Relief:   On 9/06/22, inmate Jack Shaw, received "Memorandum Opinion & Order" (Docket #238), on U.S. District Court Case 4:15-cr-00134-ALM-CAN (attached), which states, "After reviewing the present motion, the Court consulted with the BOP.  The BOP represents that Shaw's federal sentence was, in fact, miscalculated, and he should have been given time served credit from December 19, 2014, through May1, 2017--representing the dates he was sentenced to Arkansas state prison until the day before the date of hisfederal sentnecing".  The same Court memorandum goes on to say they cannot correct this, as the FBOP is responsible for calculating Shaw's time-served credit.  Shaw woould also assert that he should have also received credit through August 8th, 2017, which was still running"(exhibit B)  Please correct this"miscalculation", per Judge.

Efforts Made By Inmate to Informally Resolve Grievance (be specific):  Spoke to my Coulselor, Case Manager, Unit Team, sent paper & electronic cop out, had my Attorney call the FBOP Administration, prayed about, had my Family call FBOP Administration, and lastly starting the administrative Relief/Remedy process her, per my Attorney, before we file for further relief in the U.S. District Court.

Thank you & God Bless!

Counselor's Comments:  _No repase from DSCC stdf._

Correctional Counselor's Review Date  10/21/22        Unit Manager's Review Date  10/21/22

BP 9  Issued 10/21/22

*States v. Wilson*, 503 U.S. 329, 331–32 (1992)). Pursuant to the BOP's recommendation, the Court sentenced Shaw to 144 months' imprisonment for his federal crimes. Shaw was then given credit for time-served between December 19, 2014, and December 11, 2015—representing the dates he was sentenced to Arkansas state prison for the related Arkansas state drug charges until the date he entered into federal custody. After receiving credit for time-served on his related Arkansas state charges, his federal sentence was reduced to 132 months' imprisonment (Dkt. #232).

After reviewing the present motion, the Court consulted with the BOP. The BOP represents that Shaw's federal sentence was, in fact, miscalculated, and he should have been given time-served credit from December 19, 2014, through May 1, 2017—representing the dates he was sentenced to Arkansas state prison until the day before the date of his federal sentencing. However, this Court lacks jurisdiction to correct any miscalculation in Shaw's time-served credit. First, the proper procedural vehicle for such a request is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *United States v. Baker*, 134 F. App'x 671, 671–72 (5th Cir. 2005) (recognizing that errors in sentencing credit calculations do not constitute clerical errors that may be corrected under Federal Rule of Criminal Procedure 36, but rather must be raised through § 2241 which addresses errors affecting substantive rights); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (stating a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted); *United States v. Rodriguez-Falcon*, 710 F. App'x 242, 243 (5th Cir. 2018). Second, a challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where the defendant is presently incarcerated. *See Pack*, 218 F.3d at 451; *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586

# EXHIBIT 4

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

BP 9

COPY

U.S. DEPARTMENT OF JUSTICE    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | SHAW, JACK | 18677-009 | W-C | FOR-LOW |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST COMPLAINT:** The BOP has failed to give me credit for time-served from December 19, 2014 through May 01, 2017. **RESOLUTION ATTEMPTS:** This matter was presented for consideration in the U.S. District Court and on September 06, 2022 the Federal Judge Ruled, in its Memorandum Opinion and Order for Case No. 4:15-CR-00134-ALM-CAN that; "After reviewing the present motion, the Court consulted with the BOP. The BOP represents that Shaw's federal sentence was, in fact, miscalculated, and he should have been given time-served from December 19, 2014, through May 01, 2017-representing the dates he was sentenced in Arkansas state prison until the day before the date of his federal sentencing." The memorandum goes on say the Court can not correct the miscalculation. It is the responsibility of the BOP to correct its calculation of Shaw's credit for time-served. However, my attempt to resolve this matter via my BP-08 was responded to with NO RESPONSE regarding the miscalculation or my request to receive credit through August 08, 2017, which was still running and which I had earned. (See attached Court Order Page 10 "EXHIBIT B", August 08, 2017 Sentence Computation Memorandum & BP-08 **REQUESTED RELIEF:** Give me the credit for time served from December 19, 2014 through May 01, 2017 as specified by the Court in light of the BOP's admission of a miscalculation and the additional time earned from May 01, 2017 through August 08, 2017 which I am also due.

| October 24, 2022 | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B- RESPONSE**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

                                             CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____

*States v. Wilson*, 503 U.S. 329, 331–32 (1992)). Pursuant to the BOP's recommendation, the Court sentenced Shaw to 144 months' imprisonment for his federal crimes. Shaw was then given credit for time-served between December 19, 2014, and December 11, 2015—representing the dates he was sentenced to Arkansas state prison for the related Arkansas state drug charges until the date he entered into federal custody. After receiving credit for time-served on his related Arkansas state charges, his federal sentence was reduced to 132 months' imprisonment (Dkt. #232).

After reviewing the present motion, the Court consulted with the BOP. The BOP represents that Shaw's federal sentence was, in fact, miscalculated, and he should have been given time-served credit from December 19, 2014, through May 1, 2017—representing the dates he was sentenced to Arkansas state prison until the day before the date of his federal sentencing. However, this Court lacks jurisdiction to correct any miscalculation in Shaw's time-served credit. First, the proper procedural vehicle for such a request is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *United States v. Baker*, 134 F. App'x 671, 671–72 (5th Cir. 2005) (recognizing that errors in sentencing credit calculations do not constitute clerical errors that may be corrected under Federal Rule of Criminal Procedure 36, but rather must be raised through § 2241 which addresses errors affecting substantive rights); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (stating a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted); *United States v. Rodriguez-Falcon*, 710 F. App'x 242, 243 (5th Cir. 2018). Second, a challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where the defendant is presently incarcerated. *See Pack*, 218 F.3d at 451; *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586

*B P 8*

Attachment A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.18, **Administrative** Remedy Program, January 6, 2014, requires, in most cases, that Inmates attempt informal resolution of grievances prior to filing a Formal written complaint.  This form shall be used to document your efforts towards informally resolving your grievance.

Inmate's Name:  Shaw, Jack                                    Date: 10/04/2022

Register Number:  #18677-009            Unit:          W-C

**Specific Complaint (include date) and Requested Relief:** __On 9/06/22__, inmate ack Shaw, received "Memorandum Opinion & Order" (Docket #238), on U.S. District ourt Case 4:15-cr-00134-ALM-CAN (attached), which states, "After reviewing the resent motion, the Court consulted with the BOP.  The BOP represents that Shaw's ederal sentence was, in fact, miscalculated, and he should have been given time erved credit from December 19, 2014, through May1, 2017--representing the dates he as sentenced to Arkansas state prison until the day before the date of hisfederal entnecing".  The same Court memorandum goes on to say they cannot correct this, as he FBOP is responsible for calculating Shaw's time-served credit.  Shaw woould also ssert that he should have also received credit through August 8th, 2017, which was till running"(exhibit B)  Please correct this"miscalculation", per Judge.

**Efforts Made By Inmate to Informally Resolve Grievance (be specific):** Spoke to my Coulselor, Case Manager, Unit Team, sent paper & electronic cop out, had my Attorney call the FBOP Administration, prayed about, had my Family call FBOP Administration, and lastly starting the administrative Relief/Remedy process her, per my Attorney, before we file for further relief in the U.S. District Court.

Thank you & God Bless!

Counselor's Comments: *No repase from DSCC staff.*

_____                      _____
                    *10/21/22*                                      *10/21/22*
Correctional Counselor's Review Date          Unit Manager's Review Date

*BP 9  Issud 10/21/22*

*States v. Wilson*, 503 U.S. 329, 331–32 (1992)). Pursuant to the BOP's recommendation, the Court sentenced Shaw to 144 months' imprisonment for his federal crimes. Shaw was then given credit for time-served between December 19, 2014, and December 11, 2015—representing the dates he was sentenced to Arkansas state prison for the related Arkansas state drug charges until the date he entered into federal custody. After receiving credit for time-served on his related Arkansas state charges, his federal sentence was reduced to 132 months' imprisonment (Dkt. #232).

After reviewing the present motion, the Court consulted with the BOP. The BOP represents that Shaw's federal sentence was, in fact, miscalculated, and he should have been given time-served credit from December 19, 2014, through May 1, 2017—representing the dates he was sentenced to Arkansas state prison until the day before the date of his federal sentencing. However, this Court lacks jurisdiction to correct any miscalculation in Shaw's time-served credit. First, the proper procedural vehicle for such a request is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *United States v. Baker*, 134 F. App'x 671, 671–72 (5th Cir. 2005) (recognizing that errors in sentencing credit calculations do not constitute clerical errors that may be corrected under Federal Rule of Criminal Procedure 36, but rather must be raised through § 2241 which addresses errors affecting substantive rights); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (stating a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted); *United States v. Rodriguez-Falcon*, 710 F. App'x 242, 243 (5th Cir. 2018). Second, a challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where the defendant is presently incarcerated. *See Pack*, 218 F.3d at 451; *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586

# EXHIBIT 5

U.S. Department of Justice

**Regional Administrative Remedy Appeal** *BP 10*

...eral Bureau of Prisons

7021 2720 0003 0056 3154

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Shaw, Jack**  #**18677-009**   **W-C**   **FOR-LOW**
_____LAST NAME, FIRST, MIDDLE INITIAL_____   REG. NO.   UNIT   INSTITUTION

**Part A - REASON FOR APPEAL**   Complaint:   The BOP has failed to give me credit for time served from December 19th, 2014 through May 1st, 2017.   Resolution Attempts: This matter was presented for consideratioin in the U.S. District Court, and on September 6th, 2022, the Federal Judge filed in its Memorandum Opinion, and Order for Case No. 4:15-CR-00134-ALM-CAN that; "After reviewing the present motion, the Court consulted with the BOP.   The BOP represents that Shaw's federal sentence was, in fact, miscalculated, and he should have been given time-served from December 19th, 2014, through May 1st, 2017-representing the dates he was sentenced in Arkansas State Prison until the day before the date of his federal sentencing."   Please see the attached Bp-8, and BP-9, for a complete picture of the ensuing appeal. I submitted the attached BP-9 to my institution on October 24th, 2022.   The institution extended their deadline to respond, which was December 6th, 2022.   The institution has failed to respond, pursuant to 28 CFR Sec. 542.18, "If inmate does Not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial, at that level.   I ask that you respond to the issu raised in the attached BP-9.   Thank You & God bless!

_____12-15-2022_____        _____
       DATE                         SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____        _____
       DATE                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE        CASE NUMBER: _____

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –

                                 CASE NUMBER: _____

**Part C - RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____        _____
       DATE                         SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

BP 9



**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | SHAW, JACK | 18677-009 | W-C | FOR-LOW |
|-------|------------|-----------|-----|---------|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST COMPLAINT:** The BOP has failed to give me credit for time-served from December 19, 2014 through May 01, 2017. **RESOLUTION ATTEMPTS:** This matter was presented for consideration in the U.S. District Court and on September 06, 2022 the Federal Judge ruled in its Memorandum Opinion and Order for Case No. 4:15-CR-00134-ALM-CAN that, "After reviewing the present motion, the Court consulted with the BOP. The BOP represents that Shaw's federal sentence was, in fact, miscalculated, and he should have been given time-served from December 19, 2014, through May 01, 2017-representing the dates he was sentenced in Arkansas state prison until the day before the date of his federal sentencing." The memorandum goes on say the Court can not correct the miscalculation. It is the responsibility of the BOP to correct its calculation of Shaw's credit for time-served. However, my attempt to resolve this matter via my BP-08 was responded to with NO RESPONSE regarding the miscalculation or my request to receive credit through August 08, 2017, which was still running and which I had earned. (See attached Court Order Page 10 "EXHIBIT B", August 08, 2017 Sentence Computation Memorandum & BP-08 **REQUESTED RELIEF:** Give me the credit for time served from December 19, 2014 through May 01, 2017 as specified by the Court in light of the BOP's admission of a miscalculation and the additional time earned from May 01, 2017 through August 08, 2017 which I am also due.

Octoller 24, 2022
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: _____

---

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____

*States v. Wilson*, 503 U.S. 329, 331–32 (1992)). Pursuant to the BOP's recommendation, the Court sentenced Shaw to 144 months' imprisonment for his federal crimes. Shaw was then given credit for time-served between December 19, 2014, and December 11, 2015—representing the dates he was sentenced to Arkansas state prison for the related Arkansas state drug charges until the date he entered into federal custody. After receiving credit for time-served on his related Arkansas state charges, his federal sentence was reduced to 132 months' imprisonment (Dkt. #232).

After reviewing the present motion, the Court consulted with the BOP. The BOP represents that Shaw's federal sentence was, in fact, miscalculated, and he should have been given time-served credit from December 19, 2014, through May 1, 2017—representing the dates he was sentenced to Arkansas state prison until the day before the date of his federal sentencing. However, this Court lacks jurisdiction to correct any miscalculation in Shaw's time-served credit. First, the proper procedural vehicle for such a request is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *United States v. Baker*, 134 F. App'x 671, 671–72 (5th Cir. 2005) (recognizing that errors in sentencing credit calculations do not constitute clerical errors that may be corrected under Federal Rule of Criminal Procedure 36, but rather must be raised through § 2241 which addresses errors affecting substantive rights); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (stating a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted); *United States v. Rodriguez-Falcon*, 710 F. App'x 242, 243 (5th Cir. 2018). Second, a challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where the defendant is presently incarcerated. *See Pack*, 218 F.3d at 451; *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586

BP 8 4 pages

Attachment A

***DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT***

**Bureau of Prisons Program Statement No. 1330.18, Administrative Remedy Program, January 6, 2014, requires, in most cases, that Inmates attempt informal resolution of grievances prior to filing a Formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.**

**Inmate's Name:** Shaw, Jack **Date:** 10/04/2022

**Register Number:** #18677-009 **Unit:** W-C

**Specific Complaint (include date) and Requested Relief:** On 9/06/22, inmate ack Shaw, received "Memorandum Opinion & Order" (Docket #238), on U.S. District ourt Case 4:15-cr-00134-ALM-CAN (attached), which states, "After reviewing the resent motion, the Court consulted with the BOP. The BOP represents that Shaw's ederal sentence was, in fact, miscalculated, and he should have been given time erved credit from December 19, 2014, through May1, 2017--representing the dates he as sentenced to Arkansas state prison until the day before the date of hisfederal entnecing". The same Court memorandum goes on to say they cannot correct this, as he FBOP is responsible for calculating Shaw's time-served credit. Shaw woould also ssert that he should have also received credit through August 8th, 2017, which was till running"(exhibit B) Please correct this"miscalculation", per Judge.

**Efforts Made By Inmate to Informally Resolve Grievance (be specific):** Spoke to my Coulselor, Case Manager, Unit Team, sent paper & electronic cop out, had my Attorney call the FBOP Administration, prayed about, had my Family call FBOP Administration, and lastly starting the administrative Relief/Remedy process her, per my Attorney, before we file for further relief in the U.S. District Court.

Thank you & God Bless!

**Counselor's Comments:** No response from DSCC staff.

[signature] 10/21/22
**Correctional Counselor's Review Date**

[signature] 10/21/22
**Unit Manager's Review Date**

BP 9 Issued 10/21/22

*States v. Wilson*, 503 U.S. 329, 331–32 (1992)). Pursuant to the BOP's recommendation, the Court sentenced Shaw to 144 months' imprisonment for his federal crimes. Shaw was then given credit for time-served between December 19, 2014, and December 11, 2015—representing the dates he was sentenced to Arkansas state prison for the related Arkansas state drug charges until the date he entered into federal custody. After receiving credit for time-served on his related Arkansas state charges, his federal sentence was reduced to 132 months' imprisonment (Dkt. #232).

After reviewing the present motion, the Court consulted with the BOP. The BOP represents that Shaw's federal sentence was, in fact, miscalculated, and he should have been given time-served credit from December 19, 2014, through May 1, 2017—representing the dates he was sentenced to Arkansas state prison until the day before the date of his federal sentencing. However, this Court lacks jurisdiction to correct any miscalculation in Shaw's time-served credit. First, the proper procedural vehicle for such a request is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *United States v. Baker*, 134 F. App'x 671, 671–72 (5th Cir. 2005) (recognizing that errors in sentencing credit calculations do not constitute clerical errors that may be corrected under Federal Rule of Criminal Procedure 36, but rather must be raised through § 2241 which addresses errors affecting substantive rights); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (stating a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted); *United States v. Rodriguez-Falcon*, 710 F. App'x 242, 243 (5th Cir. 2018). Second, a challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where the defendant is presently incarcerated. *See Pack*, 218 F.3d at 451; *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586

# EXHIBIT 6

## Track USPS package

70212720000300563154                                                      Track

USPS package #70212720000300563154
www.usps.com

# Delivered: Fri, Dec 30, 11:45 AM

**Processed**                    **In transit**                    **Delivered**

| DATE | TIME | LOCATION | STATUS |
|---|---|---|---|
| Dec 30 | 11:45 AM | Grand Prairie, TX, United States | Delivered, left with individual |
| Dec 30 | 8:38 AM | Grand Prairie, TX, United States | Out for delivery |
| Dec 30 | 8:27 AM | Grand Prairie, TX, United States | Arrived at post office |
| Dec 28 | 12:00 AM | | In transit to next facility |
| Dec 24 | 1:41 PM | North Houston TX Distribution Center | Arrived at USPS regional facility |

Data from **usps.com**

# EXHIBIT 7

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 2, 2023


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTH CENTRAL REGIONAL OFFICE

TO  : JACK SHAW, 18677-009
      FORREST CITY FCI    UNT: 1 GP    QTR: W11-134L
      P.O. BOX 7000
      FORREST CITY,  AR 72336


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1138817-R1       REGIONAL APPEAL
DATE RECEIVED  : JANUARY 6, 2023
SUBJECT 1      : CREDIT FOR TIME SPENT IN JAIL
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REJECT REASON 3: SEE REMARKS.

REMARKS        : PROVIDE A COPY OF YOUR BP-9 RESPONSE SIGNED BY THE
                 WARDEN AND RESUBMIT.



# EXHIBIT 8

U.S. Department of Justice

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR 10, including any attachments must be submitted with this appeal.

| From: | Shaw, Jack | 18677-009 | W-C | FOR-LOU |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL** I submitted a BP-9 on Oct. 24, 2022. No response was received within 60 days, which is treated as a denial. 28 CFR 542.18. I then submitted a BP-10 on Dec. 15, 2022. That was improperly rejected because I had not attached a nonexistent BP-9 response to the form. I incorporate by reference the complaint I raised in the BP-9. My BP-9 and BP-10 are attached.

I ask that you respond to the issue raised in the BP-9. ThankYou & God Bless!

Feb. 22, 2023
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____
DATE

GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
| | LAST NAME, FIRST, MIDDLE INITIAL | REG NO | UNIT | INSTITUTION |

SUBJECT: _____

_____
DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

USP LVN

U.S. Department of Justice

Regional Administrative Remedy Appeal   BP 10

~~eral Bureau of Prisons~~

7021 2720 0003 0056 3154

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Shaw, Jack | #18677-009 | W-C | FOR-LOW |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**   Complaint: The BOP has failed to give me credit for time served from December 19th, 2014 through May 1st, 2017. Resolution Attempts: This matter was presented for consideration in the U.S. District Court, and on September 6th, 2022, the Federal Judge filed in its Memorandum Opinion, and Order for Case No. 4:15-CR-00134-ALM-CAN that; "After reviewing the present motion, the Court consulted with the BOP. The BOP represents that Shaw's federal sentence was, in fact, miscalculated, and he should have been given time-served from December 19th, 2014, through May 1st, 2017-representing the dates he was sentenced in Arkansas State Prison until the day before the date of his federal sentencing." Please see the attached Bp-8, and BP-9, for a complete picture of the ensuing appeal. I submitted the attached BP-9 to my institution on October 24th, 2022. The institution extended their deadline to respond, which was December 6th, 2022. The institution has failed to respond, pursuant to 28 CFR Sec. 542.18, "If inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial, at that level. I ask that you respond to the issue raised in the attached BP-9. Thank You & God bless!

| 12-15-2022 | _(signature)_ |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |

BP-230(13)
JUNE 2002

UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS

BP 9



U.S. DEPARTMENT OF JUSTICE **COPY** **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | SHAW, JACK | 18677-009 | W-C | FOR-LOW |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

Part A- INMATE REQUEST COMPLAINT: The BOP has failed to give me credit for time-served from December 19, 2014 through May 01, 2017. RESOLUTION ATTEMPTS: This matter was presented for consideration in the U.S. District Court and on September 06, 2022 the Federal Judge Ruled in its Memorandum Opinion and Order for Case No. 4:15-CR-00134-ALM-CAN that; "After reviewing the present motion, the Court cunsulted with the BOP. The BOP represents that Shaw's federal sentence was, in fact, miscalculated, and he should have been given time-served from December 19, 2014, through May 01, 2017-representing the dates he was sentenced in Arkansas state prison until the day before the date of his federal sentencing." The memorandum goes on say the Court can not correct the miscalculation. It is the responsibility of the BOP to correct its calculation of Shaw's credit for time-served. However, my attempt to resolve this matter via my BP-08 was responded to with NO RESPONSE regarding the miscalculation or my request to receive credit through August 08, 2017, which was still running and which I had earned. (See attached Court Order Page 10 "EXHIBIT B", August 08, 2017 Sentence Computation Memorandum & BP-08 REQUESTED RELIEF: Give me the credit for time served from December 19, 2014 through May 01, 2017 as specified by the Court in light of the BOP's admission of a miscalculation and the additional time earned from May 01, 2017 through August 08, 2017 which I am also due.

| October 24, 2022 | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B- RESPONSE**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

                                                                CASE NUMBER: _____

Part C- RECEIPT

Return to: _____    _____    _____    _____

*States v. Wilson*, 503 U.S. 329, 331–32 (1992)). Pursuant to the BOP's recommendation, the Court sentenced Shaw to 144 months' imprisonment for his federal crimes. Shaw was then given credit for time-served between December 19, 2014, and December 11, 2015—representing the dates he was sentenced to Arkansas state prison for the related Arkansas state drug charges until the date he entered into federal custody. After receiving credit for time-served on his related Arkansas state charges, his federal sentence was reduced to 132 months' imprisonment (Dkt. #232).

After reviewing the present motion, the Court consulted with the BOP. The BOP represents that Shaw's federal sentence was, in fact, miscalculated, and he should have been given time-served credit from December 19, 2014, through May 1, 2017—representing the dates he was sentenced to Arkansas state prison until the day before the date of his federal sentencing. However, this Court lacks jurisdiction to correct any miscalculation in Shaw's time-served credit. First, the proper procedural vehicle for such a request is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *United States v. Baker*, 134 F. App'x 671, 671–72 (5th Cir. 2005) (recognizing that errors in sentencing credit calculations do not constitute clerical errors that may be corrected under Federal Rule of Criminal Procedure 36, but rather must be raised through § 2241 which addresses errors affecting substantive rights); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (stating a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted); *United States v. Rodriguez-Falcon*, 710 F. App'x 242, 243 (5th Cir. 2018). Second, a challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where the defendant is presently incarcerated. *See Pack*, 218 F.3d at 451; *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586

*BP 8*    *4 pages*

### DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.18, **Administrative**
Remedy Program, January 6, 2014, requires, in most cases, that
Inmates attempt informal resolution of grievances prior to filing a
Formal written complaint.  This form shall be used to document your
efforts towards informally resolving your grievance.

Inmate's Name:  Shaw, Jack                    Date: 10/04/2022

Register Number:  #18677-009        Unit:        W-C

Specific Complaint (include date) and Requested Relief:   On 9/06/22, inmate
ack Shaw, received "Memorandum Opinion & Order" (Docket #238), on U.S. District
ourt Case 4:15-cr-00134-ALM-CAN (attached), which states, "After reviewing the
resent motion, the Court consulted with the BOP.  The BOP represents that Shaw's
ederal sentence was, in fact, miscalculated, and he should have been given time
erved credit from December 19, 2014, through May1, 2017--representing the dates he
as sentenced to Arkansas state prison until the day before the date of hisfederal
entnecing".  The same Court memorandum goes on to say they cannot correct  this, as
he FBOP is responsible for calculating Shaw's time-served credit.  Shaw woould also
ssert that he should have also received credit through August 8th, 2017, which was
till running"(exhibit B)  Please correct this"miscalculation", per Judge.

Efforts Made By Inmate to Informally Resolve Grievance (be
specific): Spoke to my Coulselor, Case Manager, Unit Team, sent paper &
electronic cop out, had my Attorney call the FBOP Administration, prayed about,
had my Family call FBOP Administration, and lastly starting the administrative
Relief/Remedy process her, per my Attorney, before we file for further relief in
the U.S. District Court.

Thank you & God Bless!

Counselor's Comments: No repose from DSCC staff.

_____  10/21/22        _____  10/21/22
Correctional Counselor's Review Date        Unit Manager's Review Date

BP 9  Issued 10/21/22

*States v. Wilson*, 503 U.S. 329, 331–32 (1992)). Pursuant to the BOP's recommendation, the Court sentenced Shaw to 144 months' imprisonment for his federal crimes. Shaw was then given credit for time-served between December 19, 2014, and December 11, 2015—representing the dates he was sentenced to Arkansas state prison for the related Arkansas state drug charges until the date he entered into federal custody. After receiving credit for time-served on his related Arkansas state charges, his federal sentence was reduced to 132 months' imprisonment (Dkt. #232).

After reviewing the present motion, the Court consulted with the BOP. The BOP represents that Shaw's federal sentence was, in fact, miscalculated, and he should have been given time-served credit from December 19, 2014, through May 1, 2017—representing the dates he was sentenced to Arkansas state prison until the day before the date of his federal sentencing. However, this Court lacks jurisdiction to correct any miscalculation in Shaw's time-served credit. First, the proper procedural vehicle for such a request is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *United States v. Baker*, 134 F. App'x 671, 671–72 (5th Cir. 2005) (recognizing that errors in sentencing credit calculations do not constitute clerical errors that may be corrected under Federal Rule of Criminal Procedure 36, but rather must be raised through § 2241 which addresses errors affecting substantive rights); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (stating a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted); *United States v. Rodriguez-Falcon*, 710 F. App'x 242, 243 (5th Cir. 2018). Second, a challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where the defendant is presently incarcerated. *See Pack*, 218 F.3d at 451; *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586